## MURPHY, Administratrix, *v.* VICTOR SEWING MACHINE COMPANY.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF UTAH.

Submitted December 15, 1884.—Decided January 5, 1885.

A bond by a principal and a surety was conditioned that the principal should pay to V all indebtedness existing or to exist from the principal to V under existing or future contracts between him and V, and waived notice of non-payment on all notes executed, indorsed or guaranteed by the principal to V. In a suit on the bond, against the obligors, to recover the amount of notes executed by the principal to V, and other notes indorsed and guaranteed by him to V : *Held*, That it was not necessary to allege or show any notice to the surety of a default by the principal in paying V.

The facts are stated in the opinion of the court.

*Mr. J. G. Sutherland* and *Mr. John R. McBride* for appellant.

*Mr. Charles W. Bennett* for appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This suit was brought in the District Court of the Third Judicial Court of the Territory of Utah, on the 1st of October, 1879, by the Victor Sewing Machine Company, against two persons named Crockwell and Bassett and one named Murphy. On the 11th of March, 1876, the company, of one part, and Crockwell and Bassett, copartners by that name, of the other, entered into a written agreement, whereby (1) the former appointed the latter exclusive agents for the sale of the Victor sewing machine for certain counties in Utah Territory; (2) the former to deliver the machines, free of charge, at Chicago; (3) the former to sell the machines to the latter at fifty per cent. discount from retail list of prices, and parts and attachments at regular agents' prices; (4) settlement to be made by note at twelve months from first of month following date of invoice, payable to the former, or its order, at bank in Salt Lake City, with six per cent. interest, or, in lieu, the latter may indorse and assign to the former promissory notes, draw-

ing interest, given to the latter, not payable longer than twelve months from the time they are received by the former.

On the same day, the three defendants executed a joint and several bond, under seal, to the plaintiff, in the penalty of $2,000, with a condition, of which all that is material to this case was as follows: "The condition of this obligation is such, that if the above-bounden Crockwell & Bassett shall well and truly pay, or cause to be paid, unto the said Victor Sewing Machine Company, any and every indebtedness or liability now existing, or which may hereafter in any manner exist, or be incurred, on the part of the said Crockwell & Bassett to the said Victor Sewing Machine Company, whether such indebtedness or liability shall exist in the shape of book accounts, notes, guaranteed leases, renewals or extensions of notes, accounts, or guaranteed leases, acceptances, indorsements, or otherwise, or whether such liability shall arise from the consignment of machines or other property to the said Crockwell & Bassett by the said Victor Sewing Machine Company, under any existing contract, or any contract which shall be hereafter entered into in writing by and between the said Crockwell & Bassett and the said Victor Sewing Machine Company, hereby waiving presentment for payment, notice of non-payment, protest, or notice of protest, and diligence, upon all notes or leases now or hereafter executed, indorsed, transferred, guaranteed, or assigned by the said Crockwell & Bassett to the Victor Sewing Machine Company, then this obligation to be void; but otherwise to be in full force and effect."

This suit is brought to recover the amount of the penalty of the bond. The complaint sets forth *in hæc verba* the agreement and the bond, and avers, that, between the 11th of March, 1876, and the 1st of January, 1877, the plaintiff, in pursuance of the agreement and at the request of Crockwell & Bassett, sold and delivered to them, Victor sewing machines, of the value of more than $5,000; that the defendants have broken the conditions of the bond, in that, Crockwell & Bassett, in part payment for such machines, made and delivered to the plaintiff their four promissory notes, one for $423.50, dated April 1, 1876, at 12 months, with interest, one for $1,216.75,

dated May 2, 1876, at 12 months, with interest, one for $49.50, dated September 9, 1876, at 9 months, with interest, and one for $369.47, dated September 1, 1876, at 12 months, with interest, all providing for 10 per cent. interest per annum after due until paid, and 10 per cent. attorney's fees, if collected by an attorney; that Crockwell & Bassett, between the dates first named, resold to purchasers some of the machines, and took the notes of the purchasers therefor, and, in part payment to the plaintiff, indorsed and guaranteed the payment of said notes, and delivered them to the plaintiff, their principal amounting to $1,012; that Exhibit B to the complaint contains a statement of the date of each note, the date when due, the name of the maker, and the amount; and that there is due to the plaintiff on all of said notes over $4,200, for principal, interest and attorney's fees, less a credit of $1,226.31.

Murphy answered, denying specifically the breaches alleged, setting up payment of the notes by Crockwell & Bassett, and averring, that the contract and bond were procured by fraud, and misrepresentations on the part of the plaintiff, made to Crockwell & Bassett, and on which they relied, which the plaintiff knew to be untrue, and which are set forth; and that the defendants were induced to execute the bond by false and fradulent representations of the plaintiff in this : that the plaintiff represented to the defendants that it was well acquainted with the business of Crockwell & Bassett, that they were in good credit, and were good business men, and had promptly met their obligations, and would make money out of the proposed contract with the plaintiff, whereas the plaintiff knew that they were then in failing circumstances, and were not able to pay their debts, and were not good business men, and were at that time indebted to the plaintiff, and had not met their obligations, and that they would lose money on the proposed contract with the plaintiff; and that the defendants signed the bond solely on the faith and credit which they gave to those representations.　Crockwell & Bassett also answered.

The cause was referred to a referee to "hear, determine and report a judgment." He reported findings of fact and conclusions of law. He found the facts to be as alleged in the

complaint, and that there was due, at the commencement of the suit, from Crockwell & Bassett, to the plaintiff, in respect of the matters set forth in the complaint, over $2,000, exclusive of offsets and attorney's fees; and that the execution neither of the agreement nor of the bond was procured by any false or fraudulent representations made to Crockwell & Bassett, or either of them, by the plaintiff. The report then proceeded: "I find the defendant Edmund H. Murphy did not execute said bond on or relying upon the representations set forth in the last defence of the answer of the sureties, and that the material part of said alleged representations was not made; that he inquired of George Wilkinson, plaintiff's agent in negotiating said agreement and bond, the object thereof and the condition of the business, and said Wilkinson informed said Murphy that the plaintiff proposed to give Crockwell & Bassett a new contract, and larger commissions and an opportunity to make more money; that, so far as they had acted, it was to the satisfaction of the plaintiff. I find that the business of Crockwell & Bassett did then appear to be in good condition, and they had thus far acted to the satisfaction of the plaintiff; that said Wilkinson made no settlement of the business with Crockwell & Bassett, but they had then given and turned over guaranteed notes to the plaintiff to the full amount of their indebtedness; that said notes were not due, and their indebtedness to the plaintiff on cash account very small; that they held in their hands notes and leases taken on sales of machines, far in excess of their liabilities, and, had said notes and leases, and the notes guaranteed and delivered to the plaintiff, been good and collectible, the contrary of which was not then known to the plaintiff or its agent, the business of Crockwell & Bassett would have been in good condition; that the said George Wilkinson, in November, 1876, had no authority from the plaintiff except to take the business out of the hands of Crockwell & Bassett and turn it over to another party. He did not have in his possession said agreement or bond, or the notes mentioned in the complaint, or exercise or claim to exercise any authority, real or apparent, in regard thereto."

The referee found the following conclusions of law:

"1. That there was due from the defendants Crockwell & Bassett, to the plaintiff, at the time of the commencement of the action, on account of the matters stated in the complaint, more than the sum of two thousand dollars, the non-payment of which constituted breaches of the said bond.

2. That the execution of said bond was not procured by fraud, and the plaintiff is not barred or estopped from enforcing the same, nor are the sureties thereon, or any of them, discharged by reason of any matters occurring subsequent to the execution of the bond.

3. The plaintiff is entitled to judgment against all the defendants, for the sum of two thousand dollars, and interest at ten per cent. per annum from the commencement of the action, to wit, the first day of October, 1879, and costs of suit, to be taxed."

Murphy filed exceptions to the findings of fact and the conclusions of law. Judgment was entered for $2,550 and costs. Murphy appealed to the Supreme Court of the Territory, which affirmed the judgment, and, he having afterwards died, his administratrix appealed to this court.

It is alleged, as error, that the complaint is insufficient in not alleging notice to Murphy of the default of Crockwell & Bassett; and that no notice is shown. There is no force in this objection. The condition of the bond is absolute, that Crockwell & Bassett shall pay all inebtedness, the obligors waiving notice of non-payment on all notes executed, indorsed or guaranteed. As Murphy did not make or indorse the notes, his waiver could only apply to a default by Crockwell & Bassett.

As to the defences of fraud and misrepresentation set up in the answer, they are negatived by the findings.

*The judgment is affirmed.*